IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL C. SCHMIDT, : | |
| Plaintiff : | |
| : | No. 1:09-CV-0323 |
| v. : | |
| : | Judge Jones |
| JAMES P. CREEDON, CONNIE A. : | |
| TENNIS, RICHARD S. SHAFFER : | Electronically Filed Document |
| *and* GREGORY A. GREEN, : | |
| Defendants : | |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## STATEMENT OF THE CASE

This is the second civil action for damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 filed by Plaintiff, Michael Schmidt.[1] Schmidt is a Capitol Police Officer employed by the Commonwealth of Pennsylvania, Department of General Services ("DGS"). The Defendants are the Secretary of DGS, James P. Creedon; the former Chief of Labor Relations for the Bureau of Human Resources at DGS, Connie Tennis; the Superintendent of the Capitol Police force, Richard Shaffer; and the former Director of the Bureau of Human Resources with DGS, Gregory Green. Schmidt filed his first complaint on July 2, 2007, alleging that he was denied due process pursuant to the Fourteenth Amendment when he was suspended without pay pending investigation prior to a

---

[1] Schmidt's first civil action was docketed at 4:07-CV-1190.

pre-disciplinary conference and that he was subsequently terminated in retaliation for grieving his suspension in violation of the First and Fourteenth Amendments of the United States Constitution.  For the first time during briefing of defendants' summary judgment motion in that action, Plaintiff argued that he was terminated in violation of his due process rights.  On February 18, 2009, the defendants' motion was granted with regards to the due process claims relating to Plaintiff's termination as they were not plead within the complaint.  The case in its entirety was later dismissed.  Plaintiff subsequently filed this suit.

Within his second complaint filed February 19, 2009, Schmidt again sues the Defendants in their individual capacities and seeks compensatory and punitive damages. The Defendants have answered Schmidt's complaint.  Discovery is closed and the Defendants' filed a motion for summary judgment.  This is the Defendants' brief in support of their motion.

## STATEMENT OF RELEVANT FACTS

The facts material to Schmidt's action are detailed in the Defendants' Statement of Material and Undisputed Facts (hereafter "SMF") and for the sake of brevity Defendants' respectfully refer the Court to those facts.  Pertinent facts from the SMF will be referenced in the argument section of this brief.

2

# ARGUMENT

## A.     STANDARD OF REVIEW:

"Through summary adjudication the court may dispose of those claims that do not present a 'genuine issue as to any material fact' and for which a jury trial would be an empty and unnecessary formality."  Ober v. Miller, 2008 U.S. Dist. LEXIS 55623 at * 4-5 (July 21, 2008) (quoting; FED. R. CIV. P. 56(c)).  "It places the burden on the non-moving party to come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief."  Id. (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)); FED. R. CIV. P. 56(e); see also, Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims." Ober v. Miller, at 4-5; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); FED. R. CIV. P. 56(c), (e).  "Only if this threshold is met may the cause of action proceed." Ober v. Miller, at 4-5; see also Pappas, 331 F. Supp. 2d at 315.  "[S]ummary judgment is essentially 'put up or shut up' time for the non-moving party[.]"  Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as

3

to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 127 S. Ct. 1769, 1776 (2007).

**B. PLAINTIFF HAS NOT PROVEN EVIDENCE TO SUPPORT A VIOLATION OF HIS CONSTITUTIONAL RIGHTS PURSUANT TO SECTION 1983.**

Plaintiff asserts liability against the Defendants pursuant to 42 U.S.C. § 1983. In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. They must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

4

> **i. Defendant Shaffer should be granted summary judgment because Schmidt cannot prove that Shaffer had any part in the alleged denial of due process.**

It should initially be noted that Schmidt cannot meet even the causation element of § 1983 regarding Superintendent Shaffer. Shaffer had no involvement in the decision to terminate Schmidt. SMF 44, 50. He handed the matter over to Human Resources and had no further involvement. SMF 31. Shaffer was not part of the investigation or pre-disciplinary process and had no authority to terminate Schmidt. That authority can only come from Secretary Creedon or a delegate of the Secretary. SMF 47. Further, Shaffer had no part in interviewing, or notifying Schmidt of the allegations against him and ultimately, his termination. SMF 42. Those acts were handled by Human Resources personnel. Id. Accordingly, it is clear that no action for a violation of Schmidt's Fourteenth Amendment due process rights brought through section 1983 can stand against Shaffer and he should therefore be granted summary judgment.

> **ii. Defendants' should be granted summary judgment because Schmidt's claims are barred by the doctrine of *res judicata*.**

Schmidt's current action alleges that defendants violated his due process rights pursuant to the Fourteenth Amendment when they terminated him from his position with the Capitol Police. More specifically, Schmidt alleges that although a pre-disciplinary conference was held ("PDC") prior to his termination, the explanation of his alleged violations did not contain the corresponding rule

5

numbers from the Capitol Police Duty Manual and therefore he was given insufficient notice.

It is unnecessary for this Court to reach the due process analysis because Schmidt's action is barred by the doctrine of *res judicata*. The doctrine of *res judicata* bars a particular issue if there is a prior judgment and the issue, although "not litigated in the prior action, could have been raised." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1070 (3d Cir.1990). In doing so, res judicata prevents a partie from relitigating issues that "were or could have been raised in the prior action." Allen v. McCurry, 449 U.S. 90, 94 (1980). In order to bar an action under res judicata, there must be a "showing that there has been (1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." United States v. 5 Unlabeled Boxes, 572 F.3d 169, 173 (3d Cir.2009) (quoting EEOC v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir.1990)).

In the matter at hand, Schmidt's prior lawsuit named the same defendants, and encompassed the same set of facts. See 4:07-CV-1190, Doc. 1. In that action he alleged that he was suspended without due process and was thereafter terminated in retaliation for filing a grievance. In response to the defendants' dispositive motion, Schmidt included an argument alleging that his termination was without due process as well. The defendants' responded in opposition to that argument, and this Honorable Court held that the claim was dismissed as it had not

been plead in the Complaint. SMF 5. Therefore, not only could Schmidt have properly plead and litigated this claim in his prior action, but he did, to some extent, actually litigate it. Further, the February 18, 2009 Order issued by this Court granting summary judgment to defendants regarding Schmidt's claim of a violation of due process during his termination was a final judgment. SMF 5. Finally, the entire prior action, in which Schmidt apparently meant to, and could have, included his current claim, was dismissed by final judgment on March 24, 2009. SMF 7. Therefore, his current claim is barred by *res judicata* and the defendants are entitled to summary judgment.

    **iii.** **Defendants should be granted summary judgment because Schmidt was not denied due process as required by the Constitution.**

The Fourteenth Amendment to the Constitution prohibits state deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. A determination of whether such a deprivation has been committed involves a two part analysis as to "(1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law." Zugarek v. Southern Tioga School District, 214 F.Supp.2d 468, 478 (M.D.Pa. 2002) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir.2000)). As Schmidt had a property interest in continued employment, only the second prong of the test

must be analyzed. See Linan-Faye Const. Co., Inc. v. Hous. Auth. of City of Camden, 49 F.3d 915, 932 (1995)(holding that a "for-cause" termination provision contained in an employment agreement can establish a protected property interest); State Civil Service Act, Act of 1941 (P.L. 752, No. 286) Article VIII §§ 803, 807; 4 Pa.Code §§ 101.21 (no Civil Service Employee shall be suspended or terminated but for good cause).

The Third Circuit has held that "[a]t a minimum, due process requires notice and a hearing." Wagner v. Pa. Capitol Police Dept., No. 3:07-CV-01310 (MD Pa. February 23, 2009) (Munley, J.) (quoting Wilson v. MVM, Inc., 475 F.3d 166, 178 (3d Cir.2007). Schmidt was provided both notice, and a hearing through a pre-disciplinary conference held March 9, 2007 in which he was notified of the charges and given opportunity to respond to them. He was given further notice in his termination letter issued March 14, 2007, which listed the violations. Schmidt however, alleges that this was insufficient because he was not told the specific rule numbers from the Capitol Police Duty Manual that he had violated.

In Matthews v. Eldridge, 424 U.S. 319, 335 (1976) the Supreme Court outlined the three factors for guiding a determination as to the procedures required by due process: the private interest that will be affected; the risk of an erroneous deprivation through the procedures used, and the probable value of any additional or substitute procedural safeguards; and the Government's interest.

8

In the case at hand, beyond Schmidt's and the defendants' interests, there were additional, or substitute, safeguards in place and therefore the risk of erroneous deprivation was very small. Schmidt availed himself of and benefitted from detailed contractual grievance procedures of the sort that the Third Circuit approved in <u>Dykes v. SEPTA</u> as providing adequate procedural protections. SMF 53.

In <u>Dykes v. Southeastern Pennsylvania Transportation Authority</u>, 68 F.3d 1564, 1572 (3d Cir.), <u>cert. denied</u>, 517 U.S. 1142, (1995), the Third Circuit upheld the dismissal of a public employee's complaint where he had alleged that his Fourteenth Amendment rights had been violated where he had a right to arbitration under his collective bargaining agreement. The Third Circuit, in reaching its decision, underscored "the strong public and private interest in maintaining an effective grievance/arbitration process to settle disputes between employers and employees." <u>Id</u>. at 1572 (quoting <u>Armstrong v. Meyers</u>, 964 f.2d 948, 951 (9th Cir.1992)(internal quotations omitted).

Similarly, in <u>Jackson v. Temple University</u>, 721 F.2d 931 (3d Cir.1983), the Third Circuit held that an employee could not prevail in a Section 1983 claim, where he alleged that his Fourteenth Amendment rights were violated, since arbitration had been available to him under the collective bargaining agreement. In reaching this decision, the Court stated that the existence of the arbitration process

9

provided adequate due process protections even if the initial decision of the employer was "inherently biased" or if the union chooses not to pursue all the procedures available under the agreement. Id. at 933. See Barkauskie v. Indian River School District, 951 F.Supp. 519 (D.Del 1996) (holding that discharged teacher who alleged violation of right to due process in a Section 1983 action could not prevail where she did not avail herself of available grievance procedures under collective bargaining agreement); see also Wagner, supra (holding a Capitol Police officer denied reinstatement received adequate process when he filed grievance post-denial seeking reasons and opportunity to refute them).

In the present case, Schmidt was a member of the Fraternal Order of Police ("FOP"), Lodge 85 and the FOP initiated procedure on Schmidt's behalf under the collective bargaining agreement by filing a grievance on March 22, 2007, within approximately one week of Schmidt's termination. SMF 53. After his grievance was denied, the FOP and Schmidt pursued the matter through arbitration. SMF 54. An arbitration hearing was convened, and as a result, Schmidt was awarded back-pay and seniority. SMF 54.

Additionally, Schmidt's claim that he did not have notice or an opportunity to respond to the charges is fatally flawed. Schmidt was notified of the charges against him in July of 2006 when he was suspended. SMF 14. Further, he was interviewed by the Inspector General's Office with regards to the charges and was

given an opportunity to respond to them at that time. SMF 36. He was again given opportunity to challenge the charges and his suspension through his first union grievance and arbitration. SMF 34-35. Then, on March 2, 2007 he was notified of the same charges in the letter notifying him of his PDC. SMF 41. At the PDC he was given opportunity to be heard and refused to speak. SMF 43. Then, in his termination letter, the charges were again outlined. SMF 51. Finally, through his grievance and arbitration Schmidt was yet again given notice of the charges and opportunity to respond. SMF 53-54. Therefore, even if the notice he repeatedly received was somehow flawed because the corresponding rule numbers were not noted with his list of violations, Schmidt most certainly received due process.

Under <u>Dykes</u> and <u>Jackson</u>, Schmidt cannot maintain a cause of action under Section 1983 where he had available a grievance and arbitration procedure under the collective bargaining agreement. He has made no allegation that those procedures were inadequate to satisfy due process. Further, in <u>Dykes</u>, the Third Circuit held that the administrative process of grievance and arbitration have safeguards in place adequate to resolve allegations in a manner consistent with the demands of due process. <u>Dykes</u> at 1572. Schmidt, having had available, and utilized the grievance and arbitration process, cannot now legitimately argue that he was denied due process by the defendants. See <u>Skrutski v. Marut</u>, 288 Fed.Appx. 803, 2008 WL 2787343 (C.A.3(Pa. 2008))(holding corporal's

11

suspension without pay did not violate due process where corporal was provided adequate post-deprivation grievance procedures).

Moreover, to allow Schmidt to proceed with this cause of action would in effect allow him more than two bites at the same apple. The important policy concerns enunciated in <u>Dykes</u> weigh in favor of granting defendants' Motion for Summary Judgment and dismissing Schmidt's claims. The finality of the decisions reached through grievance and arbitration procedures would be seriously questioned if employees could file a Section 1983 claim any time they were unhappy with an arbitrator's decision. Permitting Schmidt to pursue his claims in federal court would thereby undermine the effectiveness and finality of decisions reached through grievance and arbitration procedures, procedures relied upon by both public employers and employees alike.

## **CONCLUSION**

For the foregoing reasons, the defendants respectfully request that this Court enter summary judgment in favor of defendants and against Schmidt, and dismiss the action, with prejudice.

**Respectfully submitted,**

**THOMAS W. CORBETT, JR.**
**Attorney General**

**By:**   *s/ M. Abbegael Giunta*
          **M. ABBEGAEL GIUNTA**

| | |
|---|---|
| **Office of Attorney General** | **Deputy Attorney General** |
| **15th Floor, Strawberry Square** | **Attorney ID 94059** |
| **Harrisburg, PA 17120** | |
| **Phone: (717) 787-1179** | **SUSAN J. FORNEY** |
| **Fax:    (717) 772-4526** | **Chief Deputy Attorney General** |
| **mgiunta@attorneygeneral.gov** | **Chief, Civil Litigation Section** |
| | |
| **Date:  December 1, 2009** | **Counsel for Defendants** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL C. SCHMIDT, : | |
| Plaintiff : | |
| : | No. 4:07-CV-1190 |
| v. : | |
| : | Judge John E. Jones, III |
| JAMES P. CREEDON, CONNIE A. : | |
| TENNIS, RICHARD A. SHAFFER : | |
| *and* GREGORY A. GREEN : | Electronically Filed Document |
| Defendants : | |

## CERTIFICATE OF SERVICE

 I, M. Abbegael Pacuska Giunta, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on December 1, 2009, I caused to be served a true and correct copy of the foregoing document titled Brief in Support of Motion for Summary Judgment via electronic filing to the following:

Nathan C. Pringle, Jr., Esquire
2300 Vartan Way
Second Floor
Harrisburg, PA  17110

            *s/ M. Abbegael Giunta*
            **M. ABBEGAEL GIUNTA**
            **Deputy Attorney General**